## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GERARD A. CRUZ, | Case No. DM0554-14 |
| Plaintiff, | |
| v. | DECISION & ORDER |
| CARMELITA C. CRUZ, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 20, 2019 for hearing on Plaintiff Gerard Cruz's ("Gerard") Notice of Motion and Motion to Sell Marital Residence ("Motion to Sell"). Attorney James Maher appeared on behalf of Gerard. Attorney Nicole Cruz appeared on behalf of Defendant Carmelita Cruz ("Carmelita"). Having heard the arguments and testimony of the parties and considered the applicable law, the Court now issues its Decision and Order and **DENIES** Gerard's Motion to Sell.

## BACKGROUND

This action arose from a divorce complaint filed on September 25, 2014. Compl. for Dissolution of Marriage (Sept. 25, 2014). The parties eventually settled their divorce and appeared before the Court on September 14, 2015, announcing the terms of an agreement regarding the distribution of the community assets, community debts and obligations, and spousal support. Thereafter, the parties executed a Stipulated Interlocutory Decree for Divorce,

which was subsequently approved by the Court on November 24, 2015. Stipulated Interlocutory Decree for Divorce ("Interlocutory Decree") (Nov. 24, 2015). The Interlocutory Decree, which memorialized the terms of the settlement reached by the parties, granted a divorce on grounds of adultery. *Id.* A Final Judgment and Decree for Divorce was issued the same day, incorporating the Interlocutory Decree. Final Judgment and Decree for Divorce (Nov. 24, 2015).

The Interlocutory Decree is comprised of three sections: community property, community debts and obligations, and spousal support. Interlocutory Decree at 2-4. Pursuant to the first section of the Interlocutory Decree, the parties agreed to sell the marital home. *Id.* at 3. Following a failure to agree to a selling price for the home, the Court intervened and ordered the marital home to be sold for not less than $574,000.00. Decision and Order on Defendant's Motion for Order to Show Cause & Contempt, Motion for Spousal Support and Fees, and Motion to Enforce Decrees ("Decision & Order") at 7 (Mar. 15, 2017).

Gerard filed the instant Motion to Sell, arguing the parties have not been able to sell the home due to Carmelita's failure to work with the listing agent and failure to upkeep the exterior appearance of the house. Motion at 2. Gerard asks the Court to order that the house be sold to the highest bidder within 120 days. *Id.* at 3. Carmelita filed an opposition, arguing the Court has already set a sale price for the marital home and should not deviate from that price. Defendant's Opposition to Plaintiff's Motion to Sell Marital Residence and Countermotion to Modify the Stipulated Interlocutory Decree of Divorce ("Opposition") at 2 (Apr. 23, 2019). Gerard filed a Reply, arguing that the sale of the marital residence will allow Gerard to more easily fulfill his other court-ordered obligations and will allow Carmelita to have sufficient funds to support herself in lieu of spousal support. Reply to Defendant's Opposition to Plaintiff's Motion to Sell Marital Residence ("Reply") at 2-4 (May 6, 2019).

The Court held a hearing on September 20, 2019, during which the Court heard testimony. Having heard the testimony and arguments of the parties and reviewed the briefs, the Court took the matter under advisement. Minute Entry (Sept. 20, 2019).

## DISCUSSION

Gerard moves the Court to "enter an order to sell the marital family residence to the byer [sic] who makes the highest written offer received within one hundred and twenty (120) days from the entry of this Court's order on the clerk's docket." Motion at 1. In support of his motion, Gerard argues (1) that the mortgage payments for the marital residence inhibit his ability to meet other court-ordered obligations and (2) that "[t]he prospect of selling it in an amount that is $100,000.00 in excess of the mortgage balance in [sic] non-existent in the current market."

The burden here is on Gerard to prove the factual allegations of his motion by a preponderance of the evidence. *See Velasquez v. United States Postal Service*, 155 F. Supp. 3d 218 (E.D.N.Y. 2016). While Gerard offered information his declaration regarding the listing agent's opinion as to the reason the home has not been sold, Gerard did not provide the Court a current appraisal of the marital home. Gerard explains that the listing agent informed Gerard that "the marital residence marketability is severely diminished because of the defendant's failure to maintain its outward appearance, to paint it and to maintain the surrounding exterior." Gerard Decl. at 1-2. However, the Court has no evidence before it to determine the current market value of the marital home.

While Gerard provided, in his declaration, opinions from the listing agent that the inability to sell the home is caused by Carmelita's failure to upkeep the home, Gerard has not provided evidence that the current market value of the home is actually below the court-ordered amount. If one or both of the parties agree to improve and maintain the home, the Court recognizes the possibility that the fair market value of the home could increase. However,

absent such evidence, the Court does not have a proper basis to order a sale for less than the $574,000.00 value ordered in its prior order.

### CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Gerard's Motion to Sell.

**IT IS SO ORDERED** on this 18th day of December, 2019.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

acknowledge that a copy of the
original hereto was placed in the
court box of:

MARLER

ARNOLA

12/18/19 T PM

Deputy Clerk, Superior Court of Guam